## GALE V. BOHANAN.

1. **Malicious Prosecution**: PROBABLE CAUSE: WHAT IS NOT. Plaintiff and defendant owned adjoining land, and plaintiff claimed that a certain hedge fence stood wholly on his land, and cut it down. Defendant denied that the fence stood wholly on plaintiff's land, and had him arrested for malicious mischief in cutting it. *Held* that defendant's honesty of belief that the fence did not stand wholly on plaintiff's land was not sufficient to constitute probable cause for the arrest and prosecution, unless he also had reason to believe that plaintiff did not honestly think that the fence did stand wholly on his land.

2. ———: EVIDENCE OF MALICE. In such case, where it was shown that the county surveyor had been called by the defendant to determine the disputed line, but that he dismissed the surveyor, and forbade the further prosecution of the survey, when it became apparent that it would result in locating the fence on plaintiff's land, *held* that this evidence tended to show that defendant's prosecution of plaintiff was malicious.

*Appeal from Creston Superior Court.*

FRIDAY, DECEMBER 16.

ACTION to recover for a malicious prosecution. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hanna & Porter*, for appellant.

*Maxwell & Leonard*, for appellee.

ADAMS, CH. J.—The defendant caused the plaintiff to be arrested and prosecuted on a charge of malicious mischief in cutting and destroying a hedge fence, upon which charge he was acquitted.

I. The defendant assigns error in the admission of certain evidence; but the abstract does not show that the admission of the evidence was excepted to.

II. The defendant assigns as error that the verdict is in conflict with the second and third instructions given. Those instructions are as follows: "(2) If you find from a preponderance of the evidence that the defendant filed the information and caused the arrest of the defendant [present plaintiff] thereunder as

1. MALICIOUS prosecution: probable cause: what is not.

alleged in plaintiff's petition, and at the time he filed said information he was actuated by malice towards the plaintiff, and, as an ordinarily prudent man, had no probable cause for believing that the plaintiff was guilty of the crime charged in said information, then you should find for the plaintiff. (3) But if you find that the defendant, when he filed said information, was not actuated by malice, or that he had probable cause for believing that the plaintiff was guilty of the crime charged in said information, then you should find for the defendant."

The facts, as disclosed by the evidence, are that the parties own adjoining land, and a dispute arose between the parties as to the ownership of a certain hedge fence. The plaintiff claimed that it stood wholly upon his land, and the defendant denied that it did. The plaintiff, under his claim, cut the fence, and thereupon the defendant caused him to be prosecuted on a charge of malicious mischief. There was evidence tending to show that the defendant honestly believed that the fence did not stand wholly upon the plaintiff's land, and that plaintiff had no right to cut the same, and that he caused him to be arrested under such belief. The defendant relies upon this evidence as showing that he had probable cause. His counsel say: "If Bohanan honestly believed that he was the owner, and in good faith, and to protect his own property, insisted that Gale should not cut the fence, or any part of it, down, then we say that, if it is shown that Gale did actually cut down any part of said fence, then Bohanan had probable cause for believing the truthfulness of the charge made in the information filed before the justice." They seem to forget, however, that the mere cutting of the defendant's fence by the plaintiff would not constitute the crime of malicious mischief. It was not enough that the plaintiff committed an act that was wrongful. He was not to be deemed guilty of the crime charged unless his act was also malicious. To constitute probable cause, Bohanan should have had reason to think that Gale did not suppose the fence to be his. It appears to us that the jury had reason to con-

clude that Bohanan did not think that Gale was malicious in cutting the fence.

As to whether Bohanan was malicious in causing the plaintiff to be prosecuted, it appears to us that there is evidence tending to show that he was. It consists, not only of evidence tending to show that Bohanan had reason to think that Gale's claim was honest, but of evidence tending to show that Bohanan intended to assert his claim regardless of what was right. It appears that one Worley, the county surveyor, was called upon to find the boundary line between the parties, with the view of determining the ownership of the fence. He proceeded to make a survey, but was not allowed by Bohanan to finish it. The difficulty as to the boundary line appears to have grown out of the fact that the government survey did not give full measure. This was discovered by Worley, and he so informed Bohanan. Worley's testimony is in these words: "I told Mr. Bohanan that the original notes made section 8 [Bohanan's land] short. He said that he bought 160 acres, and would take no less, and he set a stone at 160 rods measure. * * * I endeavored to explain to Mr. Bohanan how it was that he could not get 160 acres; but he said that he bought it, and would have it. * * * He said he got me to survey his land, and he would not pay for surveying other land. * * * I was not at liberty to complete my survey. Bohanan must have 160 acres. I could not give it to him, and quit." If we take the surveyor's testimony to be true, as the jury was at liberty to do, we think it tended to show downright perversity on the part of Bohanan. It tended to show a disposition to set up a claim regardless of the true boundary line, and the jury might well have believed that it was with that disposition that he caused the plaintiff's arrest and prosecution.

Some other questions are presented, but we think that they are substantially disposed of by the views which we have expressed. We see no error, and the judgment must be

AFFIRMED.